# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JEREMY MICHAEL BOGGS,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **Civil Action No. 7:17cv00426** |
| **v.** | ) | **MEMORANDUM ORDER** |
| | ) | |
| **MAJOR GEORGE HEMBREE, et al.,** | ) | **By: Hon. Pamela Meade Sargent** |
|     **Defendants.** | ) | **United States Magistrate Judge** |
| | ) | |

Jeremy Michael Boggs, ("Boggs"), an inmate previously housed in the Southwest Virginia Regional Jail in Duffield, Virginia, ("SWVRJ"), filed this case pursuant to 42 U.S.C. § 1983 against defendants Major George Hembree and Captain Brian Parks. The facts alleged in the Complaint are sparse. In the Complaint, Boggs alleges that he was:

1. Treated differently from other inmates;
2. Housed in the Special Housing Unit in his cell 23 hours a day;
3. Denied any drug or alcohol counseling; and
4. Unable to get responses to any grievances filed.

Boggs makes no specific allegations against either defendant, and he seeks no specific relief. (Complaint, Docket Item No. 1.)

This matter is before the court on the Defendants' Motion To Dismiss Pursuant to Rule 12(b)(6), (Docket Item No. 17) ("Motion"). The plaintiff has responded to the Motion, (Docket Item No. 20), and the defendants have filed a reply, (Docket Item No. 29). Therefore, the Motion is ripe for decision. The

defendants also have filed a motion to stay discovery, (Docket Item No. 30) ("Motion To Stay").

In their Motion, the defendants raise a number of arguments in support of dismissing the plaintiff's Complaint. In his response, the plaintiff attempts to raise a number of additional claims against additional individuals not named in the Complaint. Based on the court's review of the Complaint and all additional materials filed by plaintiff, the Motion should be granted because the Complaint fails to allege any personal involvement by the named defendants in the alleged constitutional violations. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (to establish liability under § 1983, a plaintiff must prove that the defendants "acted personally in the deprivation of the plaintiff's rights.") Therefore, the court will grant the Motion, but give the plaintiff, acting pro se, an opportunity to file an amended complaint.

For the benefit of the plaintiff, the court notes that a number of the defendants' additional arguments attacking the Complaint also have merit. For instance, prisoners do not have a constitutional right to receive substance abuse treatment while incarcerated. *See Fredericks v. Huggins*, 711 F.2d 31, 34 (4th Cir. 1983). Prisoners also do not have a constitutional right to participate in grievance proceedings. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Based on the above-stated reasons, it is **ORDERED** as follows:

1.      The Motion, (Docket Item No. 17), is **GRANTED**;

2.    The Motion To Stay, (Docket Item No. 30), is **GRANTED**, and all discovery in this matter is **STAYED** pending further order of the court; and

3.    The plaintiff may file an amended complaint with the court by no later than February 27, 2018. In this amended complaint, the plaintiff should list each defendant against whom he is seeking relief, the specific actions of each defendant that entitle him to relief and the specific relief requested.  The plaintiff is advised that, should he not file an amended complaint by February 27, 2018, this case will be dismissed.

Copies of this Memorandum Order will be certified to all counsel of record and to the unrepresented plaintiff.

ENTERED: February 6, 2018.

s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE